UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:25-cv-03401 (UNA) |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court for review of Plaintiff's *pro se* initial filing ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of Texas, sues the U.S. Department of Justice. *See* Compl. at 1. This case begins with two fundamental procedural errors. First, Plaintiff has brought this case under a pseudonym, but has failed to file a *separate* motion seeking such relief, in contravention of Federal Rules of Civil Procedure 7(b)(1), 10(a), 17(a), and D.C. Local Civil Rules 5.1(c)(1), 40.7(f). *See Doe v. Fed. Rep. of Germany*, 680 F. Supp. 3d 1, 4 (D.D.C. 2023).

Second, Plaintiff has attempted to open a civil matter by filing a "motion for relief for failure to investigate," in lieu of a complaint, which she may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint and not by motion") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a

complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief.") (citing Fed. R. Civ. P. 3).

In any event, and generously construing Plaintiff's initial filing as a complaint, this matter still cannot survive. Plaintiff challenges Defendant's alleged failures to take action on her civil rights complaints filed with the agency against the state of Texas. *See* Compl. at 1–3. She contends that these actions constitute violations of her constitutional rights. *See id*. at 1.

The Court lacks subject matter jurisdiction over Plaintiff's claims. Although the relief sought by Plaintiff is not explicit, it is clear enough that she seeks to compel Defendant to investigate her complaints, *see* Compl. at 1, 3, but this Court bears no authority to do so. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("In both civil and criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review."); *Wightman–Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review."); *Martinez v. U.S.*, 587 F. Supp. 2d 245, 248–49 (D.D.C. 2008) ("The FBI's decision whether or not to investigate the supposed criminal activity reported by Martinez is a discretionary function[.]"). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). In fact, 28 C.F.R. § 0.50, explicitly assigns the Assistant Attorney General for the Civil Rights Division the exclusive discretionary function of "reviewing investigations arising from reports or complaints of public officials or private citizens," *id.* at § 0.50(b), and in no way imposes "any mandatory duty to investigate or prosecute all complaints of civil rights violations," nor does it provide a right of review in federal

court, *see Patterson v. Harris*, No. 22-697, 2022 WL 16758554, at *2 (D.D.C. Nov. 8, 2022); *Harris v. Holder*, No. 15-00270, 2015 WL 794304, at *1 (D.D.C. Feb. 25, 2015) (same), *aff'd sub. nom Harris v. Lynch*, 627 Fed. Appx. 2 (D.C. Cir. 2015) (per curiam).

For these reasons, this case is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3). A separate Order accompanies this Memorandum Opinion.

Date: December 15, 2025

/s/_____
ANA C. REYES
United States District Judge